# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1527

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court for the |
| | * | Southern District of Iowa. |
| Jordan Robert Lee Strickland, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 2009
Filed: February 17, 2010

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Jordan Robert Lee Strickland appeals from the sentence imposed following a guilty plea to a firearm charge. He specifically challenges the district court's[1] application of a four-level enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6), for being a felon in possession of a firearm in connection with another felony. We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

## I.    BACKGROUND

Officer Hiller of the Marshalltown, Iowa, Police Department arrested Strickland on an active warrant. At the time of the arrest, Hiller requested that Strickland exit the vehicle in which he was a passenger and questioned Strickland about items Strickland held in his hand. Strickland attempted to conceal a baggie by dropping it on the ground. Strickland admitted the baggie contained methamphetamine. When tested, a lab confirmed it contained less than a gram of methamphetamine, which is a user quantity.

While Strickland was being fingerprinted at the jail, a loaded Ruger .22 caliber revolver fell from Strickland's pants. Strickland was charged with numerous state crimes including possession of a controlled substance (the "other felony" for purposes of the enhancement), but all state charges were ultimately dismissed. Only the federal firearm charge remained. Strickland told the officer that he carried the gun because he was afraid of being robbed. At the sentencing hearing, Strickland's defense counsel questioned the officer as to whether Strickland had mentioned a recent in-home invasion as a reason for carrying the gun. But the officer did not recall such an explanation by Strickland. The district court applied the sentencing enhancement based upon this evidence.

## II.    DISCUSSION

The district court's determination that the defendant possessed a firearm in connection with another felony is a factual finding that we review for clear error. United States v. Bates, 561 F.3d 754, 758 (8th Cir. 2009). Here, Strickland claims that the district court failed to make the requisite finding that Strickland's firearm possession "facilitated" his minor drug possession offense. We disagree.

If, when charged with a firearm offense, the district court finds that the firearm is possessed "in connection with another felony offense," the guidelines advise a four-level enhancement under § 2K2.1(b)(6). More specifically, when the "other felony offense" in question is simple drug possession rather than drug trafficking, as in this case, "the district court may still apply the [§ 2K2.1(b)(6)] adjustment, *but only after making a finding that the firearm facilitated the drug offense*." United States v. Blankenship, 552 F.3d 703, 705 (8th Cir. 2009) (emphasis added). Because guns are common in drug trafficking ("tools of the trade . . . present to protect large quantities of drugs and money"), mere proximity of the two supports an enhancement under § 2K2.1(b)(6) when the underlying felony is drug trafficking. United States v. Dalton, 557 F.3d 586, 589 (8th Cir. 2009); U.S.S.G. § 2K2.1(b)(6) cmt. n.14(B). But when the felony offense is simple possession, the purpose for the firearm is not always clear–its presence could be accident or coincidence. Dalton, 557 F.3d at 589. Given the facts before us as they relate to Strickland, our inquiry is whether the district court affirmatively made a finding that the gun found on Strickland's person facilitated or had the potential to facilitate his drug-possession offense. Id.

At sentencing, after acknowledging that this was a "user amount" possession case, which is critical for the instant analysis, the district court stated:

> The Eighth Circuit does recognize that frequently it can be characterized that the presence of a firearm in the presence of drugs is to protect the drugs. It's difficult on this record to know whether or not your statement, Mr. Strickland, that you were afraid of being robbed related to some prior home invasion or whether it was related to protection of what you had with you, and the record seems to suggest that the only thing that you had with you that was of any value would have been the methamphetamine itself. But the presence of the methamphetamine on your person, the presence of the firearm on your person and the fact that the presence of a firearm can be to protect against someone taking the drugs away from you, I think based upon the fact that I only have to

make these conclusions based upon a preponderance of the evidence, I think it supports the enhancement.

Sent. Tr. 20.

Thus, based upon our review of the sentencing transcript, we find that the district court accurately discerned the distinction this court has made regarding the mere presence of firearms and drugs in trafficking and possession cases. The district court generally stated a truism that often firearms are used to protect drugs, generally acknowledging that firearms and drugs are often related, notwithstanding the context in which they are found. Then, to connect the two in this case and arrive at the requisite finding that this particular firearm facilitated, or had the potential to facilitate, Strickland's possession offense, the district court referenced Strickland's statement that he was afraid of being robbed, and concluded that the context in which Strickland's fear arose was unclear based upon the evidence presented. The district court went on, however, to expressly note that the *only* thing of value on Strickland at the time of his arrest was drugs, supporting the proposition that Strickland carried the gun to protect the drugs. Given the court's purposeful choice in making this finding, it is clear the district court knew it had to articulate a finding in order to apply the enhancement, and that the court did not apply the enhancement in this possession case based upon mere proximity and spacial nexus as Strickland argues, but rather because Strickland possessed this gun to protect the drugs. Accordingly, there was no clear error.

## III.    CONCLUSION

Because the district court affirmatively found that Strickland's firearm facilitated his drug offense before applying the § 2K2.1(b)(6) enhancement, we affirm its imposition.

_____

-4-