# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1616

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Anthony Wilson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 20, 2010
Filed: September 29, 2010

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Anthony Wilson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and the district court[1] sentenced him to an 87-month term of imprisonment. In calculating the advisory sentencing range, the district court applied a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(6) after finding Wilson's possession of the firearm was in connection with another felony offense, to wit, his possession of heroin. Wilson appeals arguing (1) there was insufficient evidence his possession of the firearm

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

facilitated his possession of heroin, and (2) the district court's factfindings were inadequate.

We review the district court's factual determination that a defendant possessed a firearm in connection with another felony for clear error. United States v. Strickland, 594 F.3d 1031, 1032 (8th Cir. 2010). When the other felony offense is simple drug possession, rather than drug trafficking, a district court may still apply the four-level enhancement under U.S.S.G. § 2K2.1(b)(6), but only after affirmatively finding the weapon facilitated the drug possession offense. United States v. Blankenship, 552 F.3d 703, 705 (8th Cir. 2009).

Wilson was apprehended with a handgun in his waistband and a small amount of heroin (1.08 grams) on his person. In assessing whether the four-level enhancement applied, the district court stated:

> And as I understand it, there is no dispute here that the defendant's possession of heroin that was found, whether it was on his person or in his car, it was in his possession. And the parties don't dispute that that is a felony. Whether it was for his possession for his own use or whether it was for distribution, it doesn't matter. He had possession of a quantity -- 1.08 grams of heroin -- and that is a felony. He also had possession of a firearm, which is the subject of this indictment.
>
> And the Application Notes provide some guidance here. Application Note 14 provides that, "Subsection (b)(6) applies if the firearm facilitated or had the potential of facilitating another felony offense or another offense." And "another felony offense" is defined as, well, basically any felony offense "other than one that involves explosives or firearms possession or drug trafficking."
>
> So the question here is whether the firearm that Mr. Wilson had in his possession facilitated or had the potential of facilitating his felony possession of heroin. And I believe that it would be appropriate to conclude that the possession of the firearm did have the potential of

-2-

facilitating the felony offense of possession because the firearm could be used as a means of protecting the drugs that were in his possession and thereby facilitating his possession of those drugs or his continued possession of those drugs.

There is certainly no dispute that Mr. Wilson had knowing possession of this firearm. I doubt that it was accidental that he had heroin in his possession at the same time, and I don't believe that this is coincidental that these two items were in his possession at the same time. Normally when people have something of value to them in their possession, they take measures to protect that item of value.

Unfortunately, Mr. Wilson decided to use a firearm to protect what was of value to him; and I think that the four-level increase is appropriate.

Sent. Tr. at 16-17.

We reject Wilson's claim there was insufficient evidence for the district court to find the firearm facilitated or had the potential to facilitate Wilson's drug possession. Wilson argued the evidence showed the simultaneous possession of the firearm and heroin was nothing more than coincidence, but the district court specifically noted "when people have something of value to them in their possession [i.e., the heroin], they take measures to protect that item of value." Id. at 17. See Strickland, 594 F.3d at 1033 (affirming a § 2K2.1(b)(6) enhancement in a drug possession case where a defendant gave his fear of being robbed as the reason for his possession of a firearm, and the district court noted the only thing of value on the defendant at the time of his arrest was drugs).

We also reject Wilson's claim that the district court's factfindings were inadequate. The district court specifically found "the possession of the firearm did have the potential of facilitating the felony offense of possession because the firearm could be used as a means of protecting the drugs that were in his possession and

thereby facilitating his possession of those drugs or his continued possession of those drugs." Id. at 17.

Having identified no clear error, we affirm.

_____