# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2342

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Nicholas J. Ferro, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2011
Filed: May 13, 2011

_____

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Nicholas Ferro pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g), and the District Court[1] sentenced him to seventy-seven months' imprisonment. In calculating Ferro's sentence, the court applied a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(6) after finding that Ferro's possession of two firearms was in connection with another felony offense, namely, possession of .05 grams of methamphetamine. Ferro appeals, arguing that the court erred in applying the enhancement because the

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

evidence was insufficient to establish that his possession of the firearms facilitated his possession of the methamphetamine.  We affirm.

We review a district court's factual determination that a defendant possessed a firearm in connection with another felony for clear error. United States v. Strickland, 594 F.3d 1031, 1032 (8th Cir. 2010). When the other felony offense is  drug possession, rather than drug trafficking, a district court may apply the § 2K2.1(b)(6) enhancement only after specifically finding that the firearm "'facilitated, or had the potential of facilitating,'" the drug-possession offense.  United States v. Blankenship, 552 F.3d 703, 705 (8th Cir. 2009) (quoting U.S.S.G. § 2K2.1  cmt. n.14(A)) .

Ferro was arrested with two loaded firearms in his waistband and a small amount of methamphetamine (.05 grams) in his right front pants pocket.  In assessing whether the four-level enhancement applied, the District Court stated, "I find that Mr. Ferro was found in possession of .05 grams of methamphetamine . . . ."  Sent. Tr. at 10.  The court determined that this amount was "a user amount but that possession of that amount of methamphetamine is a felony offense. . . . I find that possession of the firearm[s] facilitated or had the potential of facilitating . . . possession of a user amount of methamphetamine."[2]  Id. at 11.

Ferro concedes that he possessed a user quantity of methamphetamine.  He focuses his argument on the alleged absence of reliable proof that he possessed a distribution amount (6.41 grams) of methamphetamine that was dropped on the pavement and kicked under the vehicle by Ferro's companion when the two were stopped by police.  Whether Ferro possessed this distribution amount of

[2]Although the District Court referred to both .05 grams and 0.5 grams of methamphetamine during Ferro's sentencing hearing, the court specifically adopted the facts as described in the Presentence Investigation Report and found that Ferro possessed .05 grams of methamphetamine.  In any event, a finding of either amount would support application of the enhancement.

methamphetamine is irrelevant. The § 2K2.1(b)(6) enhancement applies when the underlying felony is simple possession of a user quantity of drugs so long as the District Court makes a specific finding that the firearm facilitated, or had the potential to facilitate the drug possession. See, e.g., United States v. Swanson, 610 F.3d 1005, 1008 (8th Cir. 2010) (affirming application of enhancement in drug-possession case because the district court explicitly found that possession of a firearm facilitated possession of drugs); United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008) ("'[W]hen a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender.'" (quoting United States v. Regans, 125 F.3d 685, 687 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998) (alteration in Fuentes Torres))). The District Court made the requisite finding here and thus properly applied the four-level enhancement.

We affirm the judgment of the District Court.

_____