UNITED STATES of America,
Appellee,

v.

Wesken DACY, Defendant–Appellant.

No. 08–0777–cr.

United States Court of Appeals,
Second Circuit.

Dec. 4, 2008.

Darrell B. Fields, Federal Defenders of New York, Inc., New York, N.Y., for Defendant–Appellant.

Emily Berger, and Matthew S. Amatruda, Assistant United States Attorneys for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Present: JOSÉ A. CABRANES, ROBERT A. KATZMANN and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be and hereby is AFFIRMED.

Defendant Wesken Dacy appeals from a 43–month sentence imposed in the district court, following his plea of guilty to possessing 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). We assume the parties' familiarity with the facts and procedural history of the case.

Dacy argues that his sentence, which was within the applicable Guidelines range, was substantively unreasonable and violated the sentencing goals of 18 U.S.C. § 3553(a). "Substantive reasonableness review is akin to review for abuse of discretion," *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir.2008) (internal quotation marks omitted), and "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006).

46

Dacy contends that the district court abused its discretion in refusing to impose a lower sentence because (1) his categorization as a Category VI criminal offender overstated the threat he posed to the public's well-being and the seriousness of his criminal history, which consisted of only non-violent, misdemeanor offenses, (2) his difficult and abusive upbringing warranted a lower sentence, and (3) his short sentences for prior convictions left open the possibility that he might be deterred or rehabilitated by a substantial, but less than 43–month, sentence.

The district court carefully considered that all of Dacy's prior convictions were for nonviolent, misdemeanor offenses, but found that a lower sentence was not justified because of his numerous prior convictions, many for offenses similar to the instant offense, demonstrated a strong risk of recidivism and a lack of remorse for his conduct. We hold that the district court did not abuse its discretion in determining that Dacy's criminal history category, although premised on non-violent misdemeanors, accurately reflected the seriousness of Dacy's criminal history and warranted a within-Guidelines sentence. Furthermore, given Dacy's extensive criminal record, including many offenses similar to the instant offense and an arrest for felony possession of stolen mail during the pendency of this case, his upbringing and relatively short prior sentences do not render unreasonable the district court's within-Guidelines sentence.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**