09-4360-cr
United States v. Mitchell

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> PETER W. HALL,
> > *Circuit Judges*,
> RICHARD M. BERMAN,[*]
> > *District Judge*.

_____

UNITED STATES OF AMERICA,
> *Appellee,*

> v.                                                                 No. 09-4360-cr

BARTHOLOMEW MITCHELL, also known as Michael
 Littlejohn, also know as Bartholomew E. Mitchell, Jr.,
> *Defendant-Appellant.*

_____

_____

[*] The Honorable Richard M. Berman of the United States District Court of the Southern District of New York, sitting by designation.

1

FOR APPELLEE:                          RYAN P. POSCABLO, Assistant United States
                                       Attorney (Katherine Polk Failla, Assistant United
                                       States Attorney, Of Counsel, *on the brief*) for Preet
                                       Bharara, United States Attorney for the Southern
                                       District of New York.

FOR DEFENDANT-APPELLANT:                DARRELL B. FIELDS, Federal Defenders of New
                                       York, Inc., Appeals Bureau, New York, New York.


Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Bartholomew Mitchell appeals from a sentence of 96 months' imprisonment imposed for a conviction, following a guilty plea, for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  We assume the parties' familiarity with the facts, procedural context, and specification of issues on appeal.

This Court reviews a district court's sentence for reasonableness.  *United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Gall*, 552 U.S. 38, 51 (2007).  The review of a sentence encompasses a procedural and a substantive review. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).  We review the work of a district court under a "deferential abuse-of-discretion standard." *Id.*  We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (emphasis removed) (quotation marks omitted).

Mitchell argues that the sentence imposed is unreasonable for three reasons. Mitchell argues first that his sentence is "greater than necessary" to achieve the objectives of sentencing.  Second, Mitchell argues the district court erred by using the 77 to 96 month

2

sentence range resulting from a four-level enhancement of his offense level for an obliterated serial number, a factor that required no *mens rea*. Third, he further argues the sentence is excessively disproportionate to the longest sentence Mitchell had received previously. Each argument fails.

Mitchell asserts that he should not have been placed in Criminal History Category VI because it overstates the seriousness of his criminal history. He points out he was convicted of two felonies, which occurred more than eight years ago, and his other convictions were misdemeanors that resulted in short jail sentences. He concludes that, because many of his convictions were for minor offenses, he deserves a lesser punishment. Mitchell does not contend that the criminal history score was calculated incorrectly; he argues only that it was inappropriate for the district court to consider him in the worst category of offenders.

The district court did not abuse its discretion by imposing the 96-month sentence because it correctly found that Mitchell's criminal history points, calculated at fourteen, placed Mitchell in Criminal History Category VI. Category VI, which when combined with his offense level, establishes a sentence range of 77 to 96 months' imprisonment. While individuals in Criminal History Category VI have often committed very serious crimes in the past, Mitchell had multiple convictions including assault, attempted assault, a drug conviction, and a prior weapons conviction that combine to yield the same result. That is, Mitchell is a recidivist. The district court, therefore, did not abuse its discretion in assigning him to Criminal History Category VI. *See United States v. Dacy*, 301 F. App'x 45, 46 (2d Cir. 2008) ("We hold that the district court did not abuse its discretion in determining that Dacy's criminal history category [of VI], although premised on non-violent misdemeanors, accurately reflected the seriousness of Dacy's criminal history and warranted a within-Guidelines sentence.").

Mitchell also argues that the district court erred by assessing an additional two criminal history points, under § 4A1.1(e), because the instant offense occurred within two years of his release from prison. Absent these two criminal history points, Mitchell argues that he would be in Criminal Category V, not Category VI. Mitchell correctly states that the Sentencing Commission voted to delete the "recency" provision from the Guidelines, effective November 1, 2010. *See* News Release, U.S. Sentencing Comm'n (Apr. 19, 2010), http://www.ussc.gov/PRESS/rel20100419.htm. The district court, however, was required to calculate Mitchell's sentence using the Guidelines in effect at the time of sentencing. U.S.S.G. § 1B1.11; *cf. United States v. Madrid-Gomez*, 2010 WL 2301676, at *14 (D.N.M. May 14, 2010) (rejecting defendant's request that "recency" points not be assessed in light of upcoming deletion; noting that criminal history must be calculated "using the Guidelines as they currently are"). Without an express decision by the Sentencing Commission to make its changes retroactive, the mere existence of an amendment that alters a Guideline provision going forward does not render the applicable Guideline substantively unreasonable. *See Braxton v. United States*, 500 U.S. 344, 348 (1991) (stating that Congress gave the Sentencing Commission the explicit power to decide whether its amendments will be given retroactive effect).

Mitchell's second argument is that his Sentencing Guideline range was unreasonable because his offense level calculation included a four-level enhancement for an obliterated serial number. Mitchell argues that the enhancement does not require any particular *mens rea* and there was no evidence that Mitchell knew the serial number was obliterated. The four-level enhancement, therefore, "does not promote the goals of sentencing under § 3553(a)(2)," and the sentence violates the parsimony clause of 18 U.S.C. § 3553(a).

Mitchell is mistaken.  In *United States v. Brown*, 514 F.3d 256 (2d Cir. 2008), the defendant argued that the obliterated serial number enhancement did not apply to him because he did not know that the numbers were obliterated.  *Id.* at 269. This Court explained that the four-level enhancement applies "[i]f any firearm . . . ha[s] an altered or obliterated serial number." *Id.* (citing U.S.S.G. § 2K2.1(b)(4)).  In addition, the comments to the applicable Guidelines provide that the enhancement applies "regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number."  U.S.S.G. § 2K2.1, cmt. n.8; *see also United States v. Williams*, 49 F.3d 92, 93 (2d Cir. 1995) (upholding the strict-liability nature of the enhancement for an obliterated serial number).

Finally, Mitchell argues that the 96-month sentence was disproportionately excessive in relation to his longest prior sentence.  Citing to *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001), Mitchell asserts that there must be "an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses," *id.* at 220, and that the current sentence is unreasonable because it is four times greater than any sentence that the defendant previously served.  In his view, a 46-month sentence would have achieved the requisite deterrent effect.  *Mishoe* does not support Mitchell's argument.  In *Mishoe*, we held that a "major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve."  *Id.*  To have a deterrent effect on recidivists, we noted that there must be a relationship between the current offense and the sentences received from the prior offenses.  *See id.*

> If, for example, a defendant twice served five or six years and thereafter committed another serious offense, a current sentence might not have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty years. Conversely, if a defendant served no time or only a few months for the prior offenses, a sentence of

5

even three or five years for the current offense might be expected to have the requisite deterrent effect.

*Id.* The 96-month sentence imposed on Mitchell closely parallels the ratio that the *Mishoe* Court suggested would not be unreasonably disproportionate. The record shows that the district court considered Mitchell's arguments but found that the need to deter Mitchell's future conduct and the need to protect the public from future crimes committed by the defendant outweighed Mitchell's arguments to the contrary. The 96-month conviction was reasonable in light of Mitchell's past criminal history, the nature of those crimes, and the nature of the crime of the conviction.

To the extent that Mitchell argues the district court erred procedurally in implementing his sentence or failed to depart downward pursuant to U.S.S.G. § 4A1.3, those arguments are without merit.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6