CLD-089                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4363
_____

IN RE:  MICHAEL J. ANDERSON,

Petitioner

_____

Petition for Writ of Mandamus
from the United States District Court
for the District of Delaware
(Related to D. Del. Criminal No. 05-cr-00051)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 13, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: January 27, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

Michael Anderson seeks a writ of mandamus and audita querela compelling the

District Court of the District of Delaware to reduce his criminal sentence.  For the reasons

that follow, we will deny the petition.

I.

In 2005, Anderson pleaded guilty to robbery and was sentenced to a term of 110

months of imprisonment. In calculating Anderson's criminal history score under the 2005 Sentencing Guidelines Manual, the District Court assessed one criminal history point under § 4A1.1(e) because Anderson had committed the offense less than two years after release from imprisonment. See U.S.S.G. § 4A1.1(e). Anderson did not appeal his sentence or seek review under 28 U.S.C. § 2255.

Points assessed under § 4A1.1(e) are commonly referred to as "recency" points. The 2010 Sentencing Guidelines Manual, which became effective November 1, 2010, eliminated the use of recency points in calculating a defendant's criminal history score under § 4A1.1. On November 17, 2010, Anderson filed a motion in this Court seeking a correction of his sentence on the basis that, under the 2010 revised guidelines, his criminal history category would not have been enhanced due to recency points. Anderson seeks relief via writ of Audita Querela and Mandamus under 28 U.S.C. § 1651 because, he argues, neither a motion under 28 U.S.C. § 2255 nor a motion under 18 U.S.C. § 3582 is an appropriate remedy.

A writ of mandamus is a "drastic remedy" that should only be granted in "extraordinary circumstances." In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). The petitioner must have no other adequate means to obtain the relief desired and the petitioner must show a "clear and indisputable" right to the writ. See Kerr v. United States District Court, 426 U.S. 394, 403 (1976). "[M]andamus is not a substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our

2

appellate jurisdiction." In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998).

Anderson has not satisfied the standard for obtaining mandamus relief. First, Anderson has not demonstrated a clear and indisputable right to the writ. Under 18 U.S.C. § 3582(c)(2), a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission may seek a recalculation of sentence in the District Court. The District Court is authorized to reduce the defendant's sentence based on such an amendment to the Guidelines, provided that the amendment is among those enumerated in U.S.S.G. § 1B1.10(c). See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10. The amendment Anderson relies on (Amendment 742) is not one of the amendments listed in § 1B1.10(c). Therefore, Anderson has not shown that he has a clear and indisputable right to a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(1) and (2).

Even if Anderson could demonstrate an indisputable right to the writ, Anderson has not demonstrated that he has no other adequate means to obtain the relief desired. As explained above, § 3852 provides an avenue for relief in the District Court. Anderson argues that § 3582(c)(2) is not applicable because the amended guideline does not apply retroactively in his case. However, Anderson may not seek relief through a petition for a writ of mandamus based on his inability to satisfy the requirements of § 3582. See United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (holding that petitioner could not resort to coram nobis merely because he was unable to meet AEDPA's

3

gatekeeping requirements).  The same applies to petitions for a writ of mandamus.

Anderson, therefore, cannot demonstrate that he is entitled to a writ of mandamus.

Nor may Anderson obtain relief via the writ of audita querela.  The writ of audita querela is available in criminal cases "to the extent that it fills in gaps in the current system of post-conviction relief."  Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009).  Where a statute specifically addresses the particular issue at hand, however, "it is that authority, and not the All Writs Act, that is controlling."  Id. (citations omitted).  As discussed above, 18 U.S.C. § 3582(c)(2) is the statute that specifically addresses the relief sought here.  Anderson has not identified a gap in his post-conviction remedies that would require resort to the writ of audita querela.

Accordingly, the petition will be denied.  Because we dismiss the petition on other grounds, the Government's motion to dismiss for lack of jurisdiction will be denied as moot.