**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 28, 2011

Lyle W. Cayce
Clerk

No. 10-10239
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO GONZALEZ-MOLINA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-132-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Antonio Gonzalez-Molina pleaded guilty to illegal reentry after deportation and was sentenced to 57 months in prison. We remanded for resentencing, and the district court reimposed the same sentence after taking evidence showing that Gonzalez-Molina had previously been convicted of a "crime of violence." *See United States v. Gonzalez-Molina*, 353 F. App'x 959, 960 (5th Cir. 2009). Gonzalez-Molina appeals again.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez-Molina now asserts, for the first time, that his case should be remanded yet again so that the district court can resentence him in light of a recent guidelines amendment that took effect on November 1, 2010, after his resentencing and after briefing was completed. Amendment 742 eliminated criminal history points based on "recency," that is, the temporal proximity of the offense of conviction to a prior term of imprisonment. *See* United States Sentencing Commission, *Guidelines Manual*, Supp. to Appendix C, Amendment 742, pp. 354-56 (Nov. 1, 2010) (amending § 4A1.1(e)). Amendment 742 is not retroactive because it is not listed as a retroactive amendment in § 1B1.10(c). *See* § 1B1.10(a) & (c), p.s.; *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996). Gonzalez-Molina contends that the district court should be allowed on remand to reconsider its application of the sentencing factors of 18 U.S.C. § 3553(a) in light of the Sentencing Commission's decision to eliminate recency points. The gravamen of his contention is that his sentence is unreasonable in light of the Sentencing Commission's "change of position."

Although the Sentencing Commission's reasoning was not available to support a challenge to the recency point at Gonzalez-Molina's original sentencing or on the first appeal, such a challenge could have been made pursuant to § 3553(a) and *Kimbrough v. United States*, 552 U.S. 85 (2007), which held that a court may vary from the advisory guidelines range based on policy considerations or disagreements with the Guidelines. Because Gonzalez-Molina failed to raise this issue in his two sentencing proceedings or his prior appeal, his claim is barred by the mandate rule. *See United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006); *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998). In addition, a substantive guidelines amendment that takes effect after sentencing "may not be considered on direct appeal." *United States v. Huff*, 370 F.3d 454, 466 (5th Cir. 2004). As Gonzalez-Molina raises no cognizable challenge to the district court's judgment on resentencing, the judgment of the district court is AFFIRMED.