NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2854
_____

UNITED STATES OF AMERICA

v.

CARL BALL,
                    Appellant
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Action No. 1-09-cr-00493-1)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2011
_____

Before:  SCIRICA, AMBRO, and VANASKIE, Circuit Judges

(Opinion filed: March 18, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

        Carl Ball pled guilty to possession of a weapon by a convicted felon.  At

sentencing, he requested a variance on the ground that his criminal history category

overstated the severity of his prior conduct, and asked the Court to give effect to the

proposal to eliminate U.S.S.G. § 4A1.1(e) and disregard his two-point enhancement for recency. The Court declined to do either, and sentenced Ball to 100 months' imprisonment, which was within the applicable Guidelines range. On appeal, Ball argues that his sentence is both procedurally and substantively unreasonable. We affirm.[1]

## I.

As we write solely for the parties, we recite only those facts necessary for our decision. In December 2008, Ball was found in possession of a .38 caliber revolver. He was charged with a single count of possession of a weapon by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At his arraignment, Ball was released from custody on bail with conditions, including a $50,000 unsecured bond and house arrest with electronic monitoring.

Ball entered into a plea agreement with the Government in which the parties agreed that Ball's total offense level was 21. The final presentence investigation report, consistent with the plea agreement, recommended a total offense level of 21, a criminal history category of V, and a Guidelines range of 70 to 87 months' imprisonment.

Shortly after the report was prepared, Ball assaulted his girlfriend's 16-year-old son, who suffered injury to his ear and received four stitches. Several hours later, Ball informed his girlfriend he did not want to go to jail, cut off his monitoring bracelet, and fled. He was apprehended two weeks later by federal marshals and his bail was revoked.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Ball was sentenced in June 2010. Based on his conduct while on pretrial release, the District Court applied a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. The enhancement raised Ball's total offense level to 23, raising his Guidelines range to 84 to 105 months. The Government asked for a sentence at the upper end of the range in light of Ball's criminal history and his conduct on pretrial release. Ball asked for a sentence within his initial Guidelines range—70 to 87 months. He did not contest the two-level enhancement for obstruction of justice, but requested a downward variance in his criminal history category based on an overstatement of his criminal history and a proposal to eliminate U.S.S.G. § 4A1.1(e),[2] which would place him in criminal history category IV instead of V. Although the Court considered Ball's request, it determined that a within-Guidelines sentence was necessary for specific and general deterrence and to protect society. As previously noted, it imposed a sentence of 100 months' imprisonment.

## II.

We review a district court's sentencing decision for an abuse of discretion. *United States v. Cooper*, 437 F.3d 324, 328 (3d Cir. 2006).

On appeal, Ball attacks his sentence on two grounds. First he claims that it is procedurally unreasonable because the Court (1) failed to respond to one of Ball's two variance requests and (2) failed to explain adequately whether the sentence resulted from

---

[2] Section 4A1.1(e) provided for two additional criminal history points where a defendant committed an offense less than two years after release from imprisonment (hence the name recency enhancement). *See* Notice of Proposed Amendments to the Sentencing Guidelines, 75 FR 27388-01 at 27393 (May 14, 2010). The section was eliminated in November 2010.

an upward variance or an upward departure,[3] making it impossible to know whether the Court's failure to distinguish between a departure and a variance affected the selection of the sentence imposed. Second, Ball argues that the Court's failure to give effect to the proposed elimination of § 4A1.1(e) resulted in a substantively unreasonable sentence. We disagree with each argument.

A review of the record reveals that the District Court fully considered both of Ball's variance requests. The Court addressed the criminal history argument first, with a lengthy analysis, and then returned to it when addressing the second argument about the proposed elimination of § 4A1.1(e). Ultimately, it determined that, under the totality of the circumstances (including Ball's extensive and serious criminal past), a criminal history category of V did not overstate his prior conduct. This was not an abuse of discretion.

Ball's second procedural argument also fails. He made clear at sentencing that he was requesting a variance, not a departure, as a matter of strategy. All of the Court's rulings were made in the context of that request. There was thus no confusion as to whether Ball's sentence resulted from a departure or variance.[4]

---

[3] "Departures are enhancements of, or subtractions from, a guidelines calculation 'based on a specific Guidelines departure provision.' . . . These require a motion by the requesting party and an express ruling by the court. . . . Variances, in contrast, are discretionary changes to a guidelines sentencing range based on a judge's review of all of the § 3553(a) factors and do not require advance notice." *United States v. Brown*, 578 F.3d 221, 225-26 (3d Cir. 2009) (quoting *United States v. Vampire Nation*, 451 F.3d 189, 195 n.2 (3d Cir. 2006)).

[4] Ball argues that, despite his request for a variance, the Court used language similar to the departure provision of U.S.S.G. § 4A1.3. However, given the context of Ball's

4

Finally, Ball' sentence was not substantively unreasonable. The Court explained at length why it declined to disregard the recency points under § 4A1.1(e). The sentence it imposed was within the Guidelines range in effect at the time of Ball's sentencing (the elimination of § 4A1.1(e) was not made retroactive) and 20 months below the statutory maximum. Thus, again, the Court did not abuse its discretion.

*   *   *   *   *

We affirm.

---

variance request, this was not enough to suggest confusion. We allow district courts flexibility in applying the section 3553(a) factors. *See, e.g. United States v. Goff*, 501 F.3d 250, 256 (3d Cir. 2007) ("[T]here is no mandatory script for sentencing.); *Cooper*, 437 F.3d at 332 ("There are no magic works that a district court must invoke when sentencing . . . .").