# United States Court of Appeals
## For the First Circuit

No. 10-1588

UNITED STATES,

Appellee,

v.

ROBERT ADAMS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Torruella, Boudin and Lipez,
Circuit Judges.

Timothy G. Watkins, Federal Public Defender, on brief for
appellant.
Kelly Begg Lawrence, Assistant U.S. Attorney, and Carmen M.
Ortiz, United States Attorney, on brief for appellee.

May 9, 2011

**Per Curiam**.  Robert Adams pled guilty to being a felon-in-possession, in violation of 18 U.S.C. § 922(g)(1), and was sentenced on April 14, 2010, to 110 months imprisonment.  A week prior, i.e., on April 7, 2010, the U.S. Sentencing Commission had voted to eliminate the "recency" points assessed by § 4A1.1(e).  That proposed amendment ("Amendment 742") became effective on November 1, 2010.  Amendment 742 is not listed as a retroactive amendment in § 1B1.10(c).  Had Amendment 742 either been effective as of, or retroactive to, April 14, 2010, Adams's criminal history category ("CHC") would have been CHC V, instead of CHC VI, and his guideline sentencing range ("GSR") would have been 100-120 months, rather than 110-120 months.

Adams concedes that his GSR was properly calculated pursuant to the guidelines as they existed at the time of his April 14, 2010 sentencing and he also concedes that Amendment 742 is not retroactive.  Nonetheless, Adams argues that his 110 month sentence is unreasonable and the district court, having been apprised by his counsel at the sentencing hearing of the Commission's policy change, abused its discretion in sentencing him based on a GSR that was only applicable to him due to the addition of "recency" points.  In particular, Adams cites to the district court's remarks that it gives the guidelines respectful consideration "because they are a product of careful study, based on extensive, empirical evidence."  Adams points out that the Commission decided to eliminate "recency"

points precisely because recidivism data demonstrated that there is no empirical justification for the addition of "recency" points.

We find no abuse of discretion. United States v. Bunchan, 626 F.3d 29, 35 (1st Cir. 2010) (reciting standard of review), cert. denied, 131 S.Ct. 1579 (U.S. Feb. 28, 2011) (No. 10-8537). The district court clearly did not think that Adams's criminal history was overstated. In denying Adams's request for a downward variance to 84 months (an issue that Adams does not pursue on appeal), the court cited to Adams's demonstrated recidivism, referring to Adams's "persistent and unrelenting criminal conduct" and the fact that Adams had "proven time and again that you are a very dangerous and violent criminal who needs to be incarcerated to protect the public and the potential victims of your crimes." It recited that Adams had already received a break with respect to the charging in the case, since Adams could have been charged with a drug offense and classified as a career offender with a drastically increased GSR. A career offender criminal history category is CHC VI. And, the government averred that Adams's resulting GSR as a career offender would have been 188-235 months. The concern of the Sentencing Commission that prompted the elimination of § 4A1.1(e) -- that "recency" points have excessive weight in the determination of the applicable GSR and only minimally improve the ability of the criminal history score to predict the defendant's risk of recidivism -- has little impact in this case. The two "recency"

-3-

points triggered the CHC VI in this case.  But Adams could just have easily been classified as a career offender, triggering the same CHC VI, demonstrating that CHC VI did not overstate his criminal history.  And, the concern that "recency" points are poor predictors of a risk of recidivism is simply overshadowed by Adams's own exhibited history of recidivism.

While Adams correctly notes that we have previously remanded cases for reconsideration of a sentence in light of a later amendment to the guidelines that reflected a change in Commission policy, even where that amendment had not been made retroactive, we find neither United States v. Godin, 522 F.3d 133 (1st Cir. 2008), nor United States v. Ahrendt, 560 F.3d 69 (1st Cir. 2009), controlling here.  In Adams's case, unlike either Godin or Ahrendt, the district court was made aware *at sentencing* of the proposed guideline amendment and, from aught that appears, the court was unmoved by the prospect of the elimination of the "recency" points.  The doubt triggering our concern in Godin and Ahrendt that the district court would reconsider the sentences in light of the now-revised thinking of the Commission is absent here. Decisions such as Godin turn in part on a fact specific judgment that a different result might well be reached on remand in light of the circumstances in the case.  This judgment may not be common but we think that in the interests of justice the possibility of such a remand should be preserved.

-4-

Lastly, the several courts of appeals to have considered the issue have rejected claims of error, substantive unreasonableness, and/or declined to remand for a district court's reconsideration of a criminal sentence imposed prior to the elimination of the guidelines' "recency" points. See United States v. Ball, 2011 WL 925454 (3d Cir. 2011) (finding sentence was not substantively unreasonable where district court declined to vary CHC based on proposed elimination of "recency" points); United States v. Gonzalez-Molina, 2011 WL 280842 (5th Cir. 2011) (denying a remand for district court to consider Amendment 742 for a sentence imposed prior to November 1, 2010); In re Anderson, 2011 WL 240779 (3d Cir. 2011) (denying writs of mandamus and audita querela to compel district court, pursuant to Amendment 742, to reduce sentence imposed prior to November 1, 2010); United States v. Gadsden, 2011 WL 179621 (3d Cir. 2011) (finding no district court error in assigning recency points under guidelines applicable at time of sentencing, despite later enactment of Amendment 742), cert. denied, ___ S.Ct. ___ (U.S. Apr 25, 2011) (No. 10-9782); United States v. Dennis, 2011 WL 182119 (3d Cir. 2011) (rejecting claim that sentence was substantively unreasonable where recency points were added to criminal history score even though later-enacted Amendment 742 would have lowered criminal history category had it applied at time of sentencing); United States v. Mitchell, 2010 WL 4069520 (2d Cir. 2010) (same).

The judgment of the district court entered on April 27, 2010 is <u>affirmed</u>.