# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2105

_____

United States of America,    *
             *
  Plaintiff - Appellee,    *
             * Appeal from the United States
  v.           * District Court for the
             * District of Minnesota.
Jose Antonio Fuentes Torres,  *
True Name:  Jesus Ayon Seone,  *
             *
  Defendant - Appellant.  *

_____

Submitted:  January 16, 2008
Filed:  June 24, 2008

_____

Before LOKEN, Chief Judge, MURPHY, Circuit Judge, and JARVEY,* District
  Judge.

_____

LOKEN, Chief Judge.

Jose Antonio Fuentes Torres ("Fuentes") was arrested late at night for driving while intoxicated. An inventory search of his vehicle uncovered a handgun and ammunition in the center console and a bag containing two grams of powder cocaine in a nearby cup holder. Fuentes, who had three prior cocaine trafficking convictions, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C.

_____

*The HONORABLE JOHN A. JARVEY, United States District Judge for the Southern District of Iowa, sitting by designation.

§§ 922(g)(1) and 924(a)(2). He appeals his 84-month prison sentence, arguing that the district court[1] applied the wrong legal standard in imposing a four-level enhancement for possession of the firearm in connection with another felony offense. Concluding that any error was harmless, we affirm.

The now-advisory guidelines provide for a four-level enhancement if Fuentes "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). It is undisputed that, by possessing even a small quantity of cocaine on the night in question, Fuentes committed a felony offense under Minnesota law. Therefore, the Presentence Investigation Report (PSR) recommended that the enhancement be imposed because Fuentes "possessed the firearm in connection with another felony offense."

Fuentes timely objected to the enhancement, initially arguing to the district court, "there is nothing to show that the firearm . . . was possessed in connection with another felony offense." The government then filed its Position With Regard To Sentencing Factors, arguing:

> The possession of a firearm contemporaneously with the commission of another felony offense requires a four level enhancement unless it is "clearly improbable" that the firearm was used in connection with that felony. United States v. Marks, 328 F.3d [1015,] 1017 [(8th Cir. 2003)], citing United States v. Linson, 276 F.3d 1017, 1018 (8th Cir. 2002).

In response, Fuentes filed a sentencing Memorandum. He first noted that application note 14(A) to § 2K2.1 provides that the term "in connection with" in § 2K2.1(b)(6) requires a finding that "the firearm or ammunition facilitated, or had the potential of

---

[1] The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

facilitating, another felony offense." He then argued that a preponderance of the evidence does not support this finding because he purchased the gun on the night in question for protection from men who had assaulted his daughter and threatened him. Fuentes argued that the "clearly improbable" standard urged by the government would improperly require "more of a showing than a mere preponderance of the evidence," thereby violating his right to due process by shifting the burden of proof.

At sentencing, neither party offered evidence on this issue. After hearing arguments of counsel consistent with their prior memoranda, the district court overruled Fuentes's objection to the PSR and applied the enhancement, explaining:

> Even if I accept [Fuentes's] statement . . . that the gun was purchased for non-drug-related reasons, protection of family, his daughter, and was possessed thereafter for those reasons, it doesn't seem to me that it necessarily follows that it cannot also be possessed in connection with a drug-related offense.
>
> In other words, I think if I go and buy a gun because I'm concerned about my safety but I'm also either dealing or using drugs, it may very well be that I'm using that gun for dual purposes. It's there if I got problems with somebody threatening any member of my family, but I'm also protecting my drugs which are in the car.
>
> And I guess I cannot, at least under the facts here, make the determination that it's clearly improbable that it was connected with the offense. The drugs are right there. The drugs are in the car, the gun is in the car. And so I'm going to overrule the objection and apply the enhancement.

Prior to the adoption of application note 14(A) in 2006, the guidelines did not define the term "in connection with" in § 2K2.1(b)(6). In United States v. Regans, we followed the Supreme Court's construction of a comparable statutory term, "in relation to," in Smith v. United States, 508 U.S. 223, 238 (1993), and held that the

firearm "at least must facilitate, or have the potential of facilitating, the drug trafficking offense." 125 F.3d 685, 686 (8th Cir. 1997), <u>cert. denied</u>, 523 U.S. 1065 (1998). We observed that this connection may be readily inferred when the defendant carried a firearm and a distribution quantity of drugs, because a firearm is a "tool of the trade" for drug dealers. But in <u>Regans</u>, as in this case, the defendant carried a firearm along with a small quantity of drugs for personal use. We nonetheless concluded that the district court's finding that the weapon was used or possessed in connection with a drug possession felony was not clearly erroneous:

> [W]hen a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender. Thus, a finding of the requisite connection in this situation is consistent with the purpose of § 2K2.1(b)(5) [since renumbered (b)(6)] and *cannot be clearly erroneous except, perhaps* in the exceptional circumstance recognized in Application Note 3 to § 2D1.1 -- *if "it is clearly improbable that the weapon was connected with the offense*." 125 F.3d at 687 (emphasis added).

Application note 14 to § 2K2.1 is entirely consistent with our decision in <u>Regans</u>. First, note 14(A) adopted the language from <u>Smith v. United States</u> for the general rule, providing that the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." Second, consistent with our observation in <u>Regans</u> that firearms are "tools of the trade" for drug dealers, note 14(B) provides that the enhancement must be applied "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." In other words, the Commission treated drug trafficking offenses and drug possession offenses differently. When the other felony offense is merely a drug possession offense, note 14(A) applies and the district court may make the requisite "in connection with" finding, but is not required to do so. As we held in <u>Regans</u>, however, if that finding is made, it will rarely be clearly erroneous.

-4-

In this case, relying on cases decided after <u>Regans</u> but before the adoption of note 14(A), and without even citing note 14(A), the government argued that Fuentes's possession of the firearm *required* imposition of a § 2K2.1(b)(6) enhancement unless it was "clearly improbable" that the firearm was used in connection with his drug possession felony. This was error -- under note 14(A), a district court must apply the "facilitate" standard, not a "clearly improbable" standard.[2] However, Fuentes did not point out the government's error to the district court. He simply cited note 14(A), which was correct, and argued that a clearly improbable standard would improperly alter the burden of proof, which was not correct. The district court then overruled Fuentes's objection to this paragraph of the PSR, thereby adopting the "in connection with" finding recommended in that paragraph. As the district court's above-quoted explanation of its ruling and our decision in <u>Regans</u> make clear, that finding is not clearly erroneous. <u>Accord</u> <u>United States v. Jefferson</u>, 2008 WL 612575 (8th Cir. 2008) (unpublished). In these circumstances, any error in not explicitly applying the "facilitate" standard in note 14(A) was harmless, particularly in light of Fuentes prior criminal history of repeated drug trafficking offenses.

The judgment of the district court is affirmed.

_____

[2]The author of this opinion was also the author of <u>Regans</u> and a member of the panel in <u>Linson</u>, where the other felony again was a drug possession offense. Unfortunately, I did not correct the statement in <u>Linson</u>, overstating our holding in <u>Regans</u>, that the "in connection with" finding is *required* unless the connection is "clearly improbable," 276 F.3d at 1018, a statement repeated in <u>Marks</u>, 328 F.3d at 1017, where it was dicta. We now confirm that the statement is inconsistent with application note 14(A) *when the other felony is a drug possession offense.* In such cases, the district court must make the "in connection with" finding, applying the "facilitate" standard of note 14(A).