# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3452

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Lloyd T. Swanson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 15, 2010
Filed:  July 6, 2010

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

MELLOY, Circuit Judge.

Lloyd T. Swanson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court[1] sentenced Swanson to twenty-seven months' imprisonment.  Swanson appeals the district court's application of a four-level sentencing enhancement after finding Swanson possessed the firearm in connection with another felony.  See United States Sentencing Guidelines § 2K2.1(b)(6).  We affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

I.

During a search incident to a lawful traffic stop, police discovered a Glock .40 caliber firearm in Swanson's car between the driver's seat and center console, with the butt of the gun in a visible position. The gun was loaded, had a live round in the chamber and was later found to be stolen. Before towing the car, police searched Swanson's vehicle further and discovered numerous packs of More Brand cigarettes (a brand commonly used for smoking PCP), an empty sandwich baggie box, a black super-mini scale, a silver proscale, and a black paper bag containing two baggies, each containing a dropper. Police then searched Swanson incident to arrest and discovered a vial in his coat pocket. Swanson admitted to police that the vial contained PCP, but stated the drugs were for personal use only. A police officer at the scene also smelled the vial and recognized the odor of PCP. No testing was performed, and no lab reports exist confirming the vial contained PCP.

Swanson was charged with being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He pleaded guilty to the charge, but at the time no plea agreement was in place. The Presentence Investigation Report (PSR) recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(6), because the possession of the firearm was "in connection with" the PCP possession, a felony under Missouri law. Swanson objected to the PSR's recommendation to apply the enhancement, arguing that "in connection with" requires the Government prove the firearm "facilitated or had the potential of facilitating, another felony offense" and that the government failed to do so.

Swanson again objected to the enhancement at the sentencing hearing. He claimed proximity and closeness were the only bases for any facilitation finding and those alone were not sufficient for the four-level enhancement. Swanson also claimed that he had begun carrying the firearm for self-protection after being shot on a separate occasion. The district court rejected these claims, stating:

-2-

Now, it's pretty obvious to me that he had that gun there to facilitate possession and/or distribution of PCP. Why else would he have a gun? Was he going target shooting?

**\*\*\*\***

I understand your position, but I'm going to find that [] the four-point [sic] enhancement that he had possession of that gun to facilitate the possession of and the potential to facilitate and protect himself because he had drugs. Now, the argument might be different if he just had the gun, period, but he had guns and drugs in a car, and I think the four points [sic] holds.

The district court then applied the four-level sentencing enhancement and sentenced Swanson to twenty-seven months' imprisonment, a sentence within the adjusted Guidelines range.

On appeal, Swanson makes two arguments. First, Swanson argues the district court failed to apply the proper standard when determining whether he possessed the firearm "in connection with" another felony offense. Alternatively, he argues that the facts of this case are not sufficient for such a determination.

## II.

We review the district court's application of the Guidelines de novo and its factual findings for clear error. United States v. Blankenship, 552 F.3d 703, 704 (8th Cir. 2009).

Under § 2K2.1(b)(6), when a defendant possesses a firearm "in connection with another felony offense," the offense level increases by four levels. U.S.S.G. § 2K2.1(b)(6). Application Note 14(A) clarifies that a defendant possessed a firearm "in connection with" the felony offense if the firearm "facilitated, or had the potential

of facilitating, another felony offense." Id. § 2K2.1(b)(6) cmt. n.14(A). We have stated that to apply the § 2K2.1(b)(6) enhancement in drug possession cases, the district court must make a finding that the gun facilitated or had the potential to facilitate the drug possession. See United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008); see also Blankenship, 552 F.3d at 706 (remanding because the district court specifically stated no connection between the gun and the drugs was necessary for the enhancement). In the instant case, the district court applied the proper standard, explicitly finding that Swanson's possession of the firearm in the car either facilitated or had the potential to facilitate his possession of the PCP. Swanson's first argument, therefore, is without merit.

If the district court does find that the possession of a firearm facilitated or had the potential to facilitate a drug possession "it will rarely be clearly erroneous." Fuentes Torres, 529 F.3d at 827. To facilitate the crime of drug possession, the defendant must possess the gun with the purpose or effect of facilitating the drug possession, and the connection cannot be just spatial or coincidental. United States v. Dalton, 557 F.3d 586, 589 (8th Cir. 2009). This standard may be met when a defendant concurrently possesses drugs and a firearm while in public, like in a car. See United States v. Smith, 535 F.3d 883, 886 (8th Cir. 2008) ("'[W]hen a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender.'") (quoting United States v. Regans, 125 F.3d 685, 687 (8th Cir. 1997)).[2] We have also recognized the use of guns to protect a defendant's drugs as a manner of facilitating drug possession offenses, even when the defendant asserts the gun was

---

[2] Swanson correctly argues that the enhancement does not automatically apply when a defendant possesses guns and drugs in public as it did in Regans because of the addition of Application Note 14(A) and our court's subsequent different treatment of drug trafficking and possession cases. Still, the court in the present case did not automatically apply the enhancement, it made a specific finding. Further, we decided Smith after the addition of 14(A) and affirmed Regans's analysis of the impact of concurrent possession of drugs and firearms in public for possession cases.

for self-protection.  See Fuentes Torres, 529 F.3d at 826.  The inference that a firearm is for protection of drugs is allowable when the amount of drugs is more than residue. Cf. Smith, 535 F.3d at 885.

Thus, the district court did not clearly err in determining Swanson's possession of the firearm facilitated or had the potential to facilitate the PCP possession because Swanson had the firearm and PCP in public, with him in his car.  The gun and PCP were both within his immediate reach and it was permissive for the district court to determine they were purposefully together and not close in proximity as a matter of coincidence.

Finally, Swanson argues that the Government did not prove the vial actually contained PCP, and therefore the enhancement cannot apply.  Swanson cites the lack of a lab report proving the vial contained PCP.  However, Swanson provides no legal support for the position that a lab report is required.  Moreover, Swanson admitted the vial contained PCP, and an officer reported that the vial smelled of PCP and was located with PCP paraphernalia.  We conclude this is sufficient to satisfy the preponderance-of-the-evidence standard for factual findings for sentencing determinations.  See United States v. Azure, 596 F.3d 449, 453 (8th Cir. 2010) (Government's burden).

The judgment of the district court is affirmed.

_____