# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3326

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Dustin J. Owens, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 14, 2011
Filed: May 26, 2011

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In the early morning hours of October 22, 2009, City of St. Joseph, Missouri police officers attempted to stop a vehicle whose description matched that of a suspect vehicle involved in a recent convenience store robbery. Although the vehicle initially failed to stop, it soon drove into a dead-end street, and the driver, Dustin Owens, and a passenger were placed in custody. After a drug detection dog alerted to numerous parts of the vehicle, officers searched the interior and located, among other items, 0.6 grams of methamphetamine. During an interview later that morning, the vehicle's passenger told officers that Owens threw a revolver out of the vehicle while trying to elude the police. When officers searched the area described by the passenger, they located a loaded revolver, which Owens later admitted to having purchased.

Owens pled guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). In calculating Owens's advisory sentencing guidelines range, the district court[1] applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing a firearm "in connection with another felony offense." The court imposed a sentence of 87 months' imprisonment, from which Owens now appeals.

Owens first argues that the district court erred in applying the four-level enhancement under § 2K2.1(b)(6). A defendant qualifies for the § 2K2.1(b)(6) enhancement if the firearm "facilitated, or had the potential of facilitating, another felony offense." § 2K2.1(b)(6) cmt. n.14(A). We review the district court's application of the guidelines *de novo* and its factual findings for clear error. *United States v. Swanson*, 610 F.3d 1005, 1007 (8th Cir. 2010).

In the present case, the district court found that Owens's possession of a firearm facilitated or had the potential of facilitating his illegal possession of drugs. Owens does not dispute that he committed a felony offense under Missouri law by possessing methamphetamine on the night of his arrest. *See* Mo. Rev. Stat. § 195.202. He simply asserts that the district court erred in finding that the possession of a firearm facilitated or had the potential of facilitating the drug possession offense—a finding that we have held "will rarely be clearly erroneous." *United States v. Fuentes Torres*, 529 F.3d 825, 827 (8th Cir. 2008). "To facilitate the crime of drug possession, the defendant must possess the gun with the purpose or effect of facilitating the drug possession, and the connection cannot be just spatial or coincidental." *Swanson*, 610 F.3d at 1008. This standard may be met when a defendant concurrently possesses drugs and a firearm while in public, as in a car. *Id.*; *see also United States v. Smith*, 535 F.3d 883, 886 (8th Cir. 2008) ("[W]hen a drug user chooses to carry his illegal drugs out into public with a firearm, there are many ways in which the weapon can facilitate the drug

---

[1] The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

offense and dangerously embolden the offender." (quoting *United States v. Regans*, 125 F.3d 685, 687 (8th Cir. 1997))). "The inference that a firearm is for protection of drugs is allowable when the amount of drugs is more than residue." *Swanson*, 610 F.3d at 1008.

We conclude that the district court did not clearly err in determining that Owens's possession of a firearm facilitated or had the potential of facilitating his felony possession of methamphetamine. While driving his vehicle in public, Owens had both the loaded firearm and the drugs within his immediate reach, and "it was permissive for the district court to determine they were purposefully together and not close in proximity as a matter of coincidence." *See id.*[2]

Owens next argues that the district court erred in its advisory guidelines calculation by adding two points to his criminal history based on § 4A1.1(e) (2008), which provided "[a]dd 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under [§ 4A1.1](a) or (b)." According to Owens, the court "committed a procedural error

_____

[2] Owens posits in a cursory manner that the district court's finding was clearly erroneous because "no gun [was] found in Mr. Owens['s] possession when he was stopped by officers two months before [the instant offense]." He does not develop this argument in any meaningful fashion, and we are unpersuaded that the absence of a firearm during an unrelated encounter with the police has any effect on the district court's finding that Owens's possession of a firearm in the present case facilitated or had the potential of facilitating his contemporaneous felony drug possession. Likewise, our analysis is not affected by the protestations of Owens and his passenger that he purchased the firearm on behalf of the passenger, who reportedly wanted a weapon for protection against an ex-boyfriend. *See Swanson*, 610 F.3d 1005 (upholding the district court's finding that defendant's possession of a firearm facilitated or had the potential of facilitating his felony possession of phencyclidine despite the defendant's assertion that he carried the firearm simply for self-defense); *Fuentes Torres*, 529 F.3d at 826.

when it failed to adequately consider the impending change in [§ 4A1.1(e)]."  In Owens's view, when calculating his advisory guidelines range on October 5, 2010, the district court should have considered changes to the guidelines scheduled to go into effect on November 1, 2010.[3]  But because § 1B1.11(a) directs that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced," we fail to see how the district court procedurally erred by doing just that.  *See United States v. Adams*, 509 F.3d 929, 932 n.4 (8th Cir. 2007); *cf. United States v. Mitchell*, 402 F. App'x 560, 562 (2d Cir. 2010) (unpublished per curiam) ("Without an express decision by the Sentencing Commission to make its changes retroactive, the mere existence of an amendment that alters a Guideline provision going forward does not render the applicable Guideline substantively unreasonable.").  We therefore conclude that the district court properly assessed two criminal history points based on the guidelines in effect at the time of sentencing.

For the foregoing reasons, Owens's sentence is affirmed.[4]

_____

[3] The Sentencing Commission voted to delete § 4A1.1(e)'s "recency" points provision from the guidelines, effective November 1, 2010.  *See United States v. Mitchell*, 402 F. App'x 560, 562 (2d Cir. 2010) (unpublished per curiam).

[4] As Owens does not challenge the substantive reasonableness of his sentence we need not address that issue.  *See United States v. Brown*, 550 F.3d 724, 729 n.4 (8th Cir. 2008).