# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2747

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Jontez T. Turner, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 12, 2012
Filed: March 19, 2012

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jontez Turner pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the District Court[1] sentenced him to fifty-seven months' imprisonment. In calculating Turner's sentence, the court applied a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) after finding that Turner's possession of a loaded pistol was in connection with another felony offense, namely, possession of a user quantity of cocaine. Turner appeals, arguing that the court erred in applying the enhancement because the evidence was

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

insufficient to establish that his possession of the firearm facilitated his possession of the cocaine. We affirm.

We review for clear error a district court's factual determination that a defendant possessed a firearm in connection with another felony. United States v. Smith, 535 F.3d 883, 885 (8th Cir. 2008). When the other felony offense is drug possession, as opposed to drug trafficking, a district court may apply the § 2K2.1(b)(6) enhancement only after specifically finding that the firearm facilitated or had the potential to facilitate the drug-possession offense. See United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008); U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.14(A). We have held that the enhancement applies "when a drug user chooses to carry his illegal drugs out into public with a firearm [because] there are many ways in which the weapon can facilitate the drug offense and dangerously embolden the offender." United States v. Regans, 125 F.3d 685, 687 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998); see also United States v. Swanson, 610 F.3d 1005, 1008 (8th Cir. 2010) (noting that a firearm facilitates or has the potential to facilitate drug possession "when a defendant concurrently possesses drugs and a firearm while in public, like in a car"). "The inference that a firearm is for protection of drugs is allowable when the amount of drugs is more than residue." Swanson, 610 F.3d at 1008.

It was undisputed that Turner possessed a user quantity of cocaine—a felony offense under Missouri law—and a firearm loaded with eight rounds in the magazine and one round in the chamber. The District Court specifically found that Turner's possession of the loaded firearm "facilitated or had the potential to facilitate [his] possession of this user amount of cocaine," noting that Turner was "in the community," "out and about [with] a loaded gun with a . . . live round in the chamber" while also in possession of drugs. Sent. Tr. at 7. The District Court did not clearly err in determining that Turner's possession of the firearm facilitated or had the potential to facilitate his possession of a user quantity of cocaine. Turner had the

firearm and the cocaine in public, with him in his car. The firearm and the cocaine were both within Turner's immediate reach and it was permissible for the District Court to infer that the drugs and the gun were "purposefully together and not close in proximity simply as a matter of coincidence." <u>Swanson</u>, 610 F.3d at 1008.

Because the District Court made the factual findings required for application of the § 2K2.1(b)(6) enhancement and those findings are not clearly erroneous, we affirm the judgment of the District Court.

_____