**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50412 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01148-PA-1 |
| v. | |
| ERIC STRENG, aka Puppielove6, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted September 2, 2015
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

**1.** The district court did not abuse its discretion by applying the

vulnerable-victim enhancement pursuant to U.S.S.G. § 3A1.1(b)(1). The court

properly found, under the circumstances surrounding Eric Streng's crime, that

younger children were members of a particularly vulnerable class due to their age

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and status.  Streng argues that younger children are not particularly vulnerable when there has been no charge of production, but we have squarely rejected that contention in the past.  *See United States v. Lynn*, 636 F.3d 1127, 1138–39 (9th Cir. 2011); *United States v. Holt*, 510 F.3d 1007, 1011–12 (9th Cir. 2007).  The court correctly found, based on Streng's statements, that he knew or should have known of the younger children's unusual vulnerability.  Streng admitted to federal agents that he possessed "quite a bit" of graphic content portraying children five to ten years old and younger.

**2.** The district court did not commit procedural error in sentencing Streng to 180 months in prison.  Although the court did not explicitly state at the sentencing hearing that it used the 240-month statutory maximum as a departure point, that figure was included in the pre-sentence report, which the court adopted.  Streng has provided nothing to support his allegation that the court actually used the Sentencing Guidelines range of 324–405 months as the point of departure when calculating the sentence.  Nor has Streng established that the court was unaware that it could depart from the child pornography Guidelines for policy reasons.  Not only was the court aware that it could depart from the Guidelines for policy reasons, it ultimately imposed a sentence that was significantly below both the Guidelines range and the statutory maximum.

The court also did not commit procedural error in sentencing Streng to a lifetime term of supervised release. The court determined that a life term was sufficient but not greater than necessary after considering the materials submitted by both parties, listening to argument over the course of three different hearings, and discussing the need to protect children as well as the public. *See United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008).

**3.** As the government has conceded, Condition 14 of Streng's term of supervised release must be construed to exclude non-pornographic, sexually explicit depictions of adults, pursuant to this court's decision in *United States v. Gnirke*, 775 F.3d 1155, 1166–67 (9th Cir. 2015). Limited in that manner, imposition of Condition 14 was permissible here. This condition is not an unusually serious infringement of liberty akin to compelled antipsychotic drug treatment, *see United States v. Williams*, 356 F.3d 1045, 1055 (9th Cir. 2004), or mandatory penile plethysmograph testing, *see United States v. Weber*, 451 F.3d 552, 563 (9th Cir. 2006). Thus, the district court did not need to articulate explicit reasons on the record justifying the imposition of Condition 14. *See United States v. Stoterau*, 524 F.3d 988, 1006 (9th Cir. 2008).

**AFFIRMED.**