# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-4206

_____

United States of America,

*Plaintiff - Appellee*,

v.

Travis Gene Clark, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: February 12, 2018
Filed: June 21, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MURPHY and COLLOTON, Circuit Judges.[*]

_____

---

[*]This opinion is filed by Chief Judge Smith and Judge Colloton under Eighth Circuit Rule 47E.

PER CURIAM.

Travis Clark, Jr. pleaded guilty to possession of a firearm and ammunition by a prohibited person. *See* 18 U.S.C. § 922(g)(1). The district court[1] determined an advisory guideline range of 77 to 96 months' imprisonment, and sentenced Clark to 96 months in prison. Clark appeals the sentence, arguing the district court committed procedural error in calculating the guideline range. We conclude that there was no reversible error and therefore affirm.

This prosecution arose after Clark was arrested on an outstanding warrant while in his vehicle. After the arrest, police found a .22 caliber pistol and six rounds of ammunition in the center console of the car. They also discovered "a small clear zip-top baggie of methamphetamine on the passenger floorboard." A blood test revealed Clark was under the influence of methamphetamine at the time of the arrest.

At sentencing, after determining Clark's base offense level under the guidelines, the district court applied a four-level increase under USSG § 2K2.1(b)(6)(B). That section applies when the defendant "used or possessed any firearm or ammunition in connection with another felony offense." The commentary provides that the increase applies if the firearm "facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1, comment. (n.14(A)). The court found that Clark possessed the pistol in connection with the felony offense of possessing methamphetamine and explained its reasoning as follows:

> I'm fully aware of the Eighth Circuit case law that's interpreted that provision, and I'm aware that the case law makes it very clear that if the items are found in close proximity to one another, they—there's clearly the potential of facilitating another felony offense. So the fact that the

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

drugs were found in close proximity to the firearm, the fact that the defendant tested positive for the use of methamphetamine all leads the Court to conclude that it was appropriate under the circumstances to trigger that enhancement under the advisory sentencing guidelines.

We review the district court's interpretation of the guidelines *de novo* and its factual findings for clear error. *United States v. Pierre*, 870 F.3d 845, 849 (8th Cir. 2017).

Clark argues that the district court applied the wrong standard when considering the four-level increase. In a drug possession case, where the defendant possesses only a user quantity of drugs, "the district court must affirmatively make a finding that the weapon or weapons facilitated the drug offense before applying the adjustment." *United States v. Blankenship*, 552 F.3d 703, 705 (8th Cir. 2009). Clark complains that the district court failed to make the required finding and applied the increase merely because the methamphetamine and the pistol were together in the car.

We discern no error. The district court expressly found that the pistol had "the potential of facilitating another felony offense." The court relied on the proximity of the pistol to the drugs in Clark's car, and also cited the presence of drugs in Clark's system to conclude that the firearm had the potential of facilitating his felony drug possession. This finding was adequate. *See United States v. Swanson*, 610 F.3d 1005, 1008 (8th Cir. 2010).

Clark also complains that the district court never found that he possessed more than a *de minimis* amount of methamphetamine, and that a firearm does not have the potential to facilitate the possession of drug residue. He did not raise this objection in the district court, so we review only for plain error. Under that standard, Clark must show the district court committed an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993).

-3-

To be sure, baggies that contain only drug residue "generally are not valuable or useful to drug users and do not need protection." *United States v. Smith*, 535 F.3d 883, 885 (8th Cir. 2008). Here, however, the unobjected-to presentence report reflected that police found "a small clear zip-top baggie of methamphetamine" in the car. The most natural reading of that statement is that the baggie contained a measurable quantity of methamphetamine. At best for Clark's position, the record is ambiguous about the amount of drugs in the baggie, and the court did not obviously err by interpreting the record to mean that Clark possessed more than residue. *See United States v. Troyer*, 677 F.3d 356, 359 (8th Cir. 2012).

The judgment of the district court is affirmed.

_____