[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11599

_____

D.C. Docket No. 3:16-cr-00029-MCR-1

UNITED STATES OF AMERICA,

                                                                    Plaintiff-Appellee,

versus

BRUCE GIBBS,

                                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 18, 2018)

Before WILSON, JORDAN, and HIGGINBOTHAM,[*] Circuit Judges.

PER CURIAM:

    In this case we consider the propriety of a sentencing enhancement.

_____

[*] Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Concluding that it was erroneously applied and that the error was not harmless, we vacate and remand for resentencing.

## I

The facts of this case are straightforward. Its roots lie in the decision of the Escambia County Sheriff's Office to search Bruce Gibbs' home pursuant to a warrant relying upon disclosures by an informant that Gibbs had sold cocaine on two separate dates—April 24, 2015 and April 29, 2015. On executing the warrant, the sheriff's office found two blue pills that officers identified as alprazolam, a metal grinder with marijuana residue inside, and a baggie with traces of white powder later determined to be cocaine, all in the kitchen, and a Glock pistol with a magazine enhanced to hold 31 rounds, loaded and in the attic. The attic was accessible through a panel in the house's hallway; the firearm was clean and lacked signs of dust, suggesting that it was well-maintained and recently placed. It was also identified as stolen.

Gibbs had been convicted of various crimes in the past, including possession with intent to distribute more than 20 grams of marijuana, driving after his license was revoked, and battery, each of which was punishable by a term exceeding one year. This record made his firearm possession unlawful under 18 U.S.C. § 922(g)(1) and exposed Gibbs to imprisonment under 18 U.S.C. § 924(a)(2). He pled guilty on December 22, 2016.

At sentencing, Gibbs raised a number of objections to the Pre-Sentence Report. The "primary objection to the calculation" concerned an enhancement of four levels under U.S.S.G. § 2K2.1(b)(6)(B) for Gibbs' possession of a firearm in connection with another felony—namely, his possession of the two alprazolam pills without a prescription. The district court rejected Gibbs' several arguments that the enhancement should not apply. It focused upon the loaded gun, Gibbs' addiction to the alprazolam tablets, and their relatively high street value, concluding that the gun facilitated his possession and applying the enhancement over his objection.

The district court sentenced Gibbs to 72 months of imprisonment, noting that the sentence stood just above the top end of the range that would obtain in the absence of the enhancement—55 to 71 months—but below the bottom of the range that obtained with the application of the enhancement—84 to 105 months. Gibbs timely appealed. The sole question on appeal is the legitimacy of the enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

## II

This enhancement requires a sentencing judge find, by a preponderance of evidence, that the defendant "used or possessed any firearm or ammunition in connection with another felony offense."[1] In challenges to sentencing decisions,

---

[1] U.S.S.G. § 2K2.1(b)(6)(B).

3

we review the district court's determinations of law de novo and its findings of fact for clear error.[2] A district court's determination that a defendant possessed a gun "in connection with" another felony is a finding of fact.[3] Under this standard of clear error, we "must affirm the district court unless review of the entire record leaves us 'with the definite and firm conviction that a mistake has been committed.'"[4]

### III

There is evidence in the record that Gibbs committed both drug trafficking offenses (selling cocaine to a confidential informant on two occasions) and drug possession offenses (possessing alprazolam tablets without a prescription, and leaving marijuana and cocaine residue in his home). The question is the sufficiency of the evidence connecting the gun to either of these categories of offenses. The government argues that Gibbs possessed the firearm "in connection with" both felony drug possession and drug trafficking offenses. We conclude that the district court erred in footing the enhancement on Gibbs' drug possession. Because we agree with the district court that the enhancement could not be supported on drug-

---

[2] *See, e.g.*, *United States v. Barrington*, 648 F.3d 1178, 1194–95 (11th Cir. 2011).

[3] *See United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995) (per curiam) (applying clear error standard to review of district court's finding that a firearm was used in connection with another felony in predecessor provision to U.S.S.G. § 2K2.1(b)(6)(B)).

[4] *United States v. Engelhard Corp.*, 126 F.3d 1302, 1305 (11th Cir. 1997) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

4

trafficking grounds, we therefore determine that there was no permissible justification for the court to impose the enhancement.

## A

The government argues, and the district court decided, that Gibbs possessed two alprazolam tablets without a prescription—a felony under Florida law. Gibbs replies that the district court did not receive a lab report detailing the tablets' composition, and that it is therefore unclear that they were actually alprazolam. He raised this argument at sentencing, and the district court rejected it. The district court decided that even without lab testing, the fact that the report contemporaneously prepared by officers who conducted the search identified the two tablets as alprazolam—alongside the fact that Gibbs was addicted to that substance—supported the conclusion that the tablets were indeed alprazolam. We cannot say that this conclusion produces "a definite and firm conviction that a mistake has been committed."[5] We therefore proceed under the assumption that Gibbs possessed alprazolam tablets in his apartment.

The Sentencing Commission's application notes are binding when they do not contradict the Sentencing Guidelines' plain meaning.[6] The notes to U.S.S.G. § 2K2.1(b)(6)(B) provide that a firearm is generally held "in connection with"

---

[5] *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004).

[6] *See United States v. Wilks*, 464 F.3d 1240, 1245 (11th Cir. 2006); *accord United States v. Estrella*, 758 F.3d 1239, 1252 (11th Cir. 2014).

another felony "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense."[7] The central issue is therefore whether Gibbs' possession of the firearm facilitated or had the potential to facilitate his possession of alprazolam, or whether any relation between the two resulted from "accident or coincidence."[8]

The question remains, however, of what evidence may sufficiently establish that a firearm facilitated or had the potential to facilitate another felony. We have not yet decided whether proximity between firearm and drug is sufficient to trigger U.S.S.G. § 2K2.1(b)(6)(B) when the felony serving as the basis for the enhancement is drug possession.[9] The application notes also provide that the

---

[7] U.S.S.G. § 2K2.1 cmt. n.14(A).

[8] *Smith v. United States*, 508 U.S. 223, 237–38 (1993) (defining "in relation to any crime of violence or drug trafficking crime" under 18 U.S.C. § 924(c)(1)); *see United States v. Carillo-Ayala*, 713 F.3d 82, 93 (11th Cir. 2013) (explaining that the Sentencing Commission adopted *Smith*'s approach in the application notes to § 2K2.1).

This admittedly marks a shift from some of our past case law. In *United States v. Rhind*, 289 F.3d 690 (11th Cir. 2002), we considered § 2K2.1(b)(6)(B)'s predecessor, U.S.S.G. § 2K2.1(b)(5). We followed cases where we had interpreted "in connection with" as used in other portions of the Guidelines, and noted that we had previously held that a firearm "does not have to facilitate the underlying offense" to be used or possessed "in connection with" that offense. *Rhind*, 289 F.3d at 695; *see also United States v. Young*, 115 F.3d 834, 838 (11th Cir. 1997) (per curiam) (declining to apply other circuits' expansive approaches to "in connection with," as used in § 2K2.1(b)(5), to the same use of the term in U.S.S.G. § 4B1.4(b)(3)(A)). But these cases were decided before the Commission clarified the meaning of "in connection with" in its 2006 application notes. Because we are bound to follow the application notes unless they conflict with the Guidelines' ordinary meaning, this portion of *Rhind* no longer has the same force.

While *Rhind* concluded that the natural, ordinary meaning of "in connection with" did not require "facilitation," we do not take *Rhind* to hold that an application note to the contrary irredeemably conflicts with the Guidelines' text. *Cf. Carillo-Ayala*, 713 F.3d at 96 (defining "in connection with" as encompassing proximity and facilitation under U.S.S.G. § 5C1.2(a)(2)).

[9] The government's reliance on *United States v. Carillo-Ayala* is misplaced. In *Carillo-Ayala*, we considered whether a defendant convicted of drug trafficking charges was entitled to

6

enhancement automatically applies "in the case of a drug trafficking offense in which a firearm is found in *close proximity* to drugs, drug-manufacturing materials, or drug paraphernalia."[10] Several circuits have concluded that by treating "close proximity" as sufficient to show a "connection" for drug trafficking offenses, the Commission by implication required something beyond proximity when the offense does not involve drug trafficking.[11] We agree that mere proximity between Gibbs' gun and the alprazolam tablets could not support the enhancement, without a conclusion that the gun facilitated or could facilitate Gibbs' possession.

---

the "safety valve" in U.S.S.G. § 5C1.2 to avoid a statutory minimum. 713 F.3d at 87–98. The defendant could not qualify for the safety valve if he possessed a firearm "in connection with" the underlying offense. *Id.* at 88–89. We concluded, looking to § 2K2.1(b)(6)(B) and the application notes, that proximity between a gun and a drug offense is typically sufficient to show a connection with the drug offense. *Id.* at 92, 95–96. Read broadly, language in *Carillo-Ayala* could apply to any drug offense, including possession. But *Carillo-Ayala* involved drug *sale*, not mere possession. *Id.* at 97–98. In context, we were concerned with the ways in which a firearm could be connected to a *drug trafficking offense*—a critical difference from this case.

[10] U.S.S.G. § 2K2.1 cmt. n.14(B) (emphasis added) (explaining that "the presence of the firearm has the potential of facilitating another felony offense" in such cases).

[11] *See United States v. Shields*, 664 F.3d 1040, 1045 (6th Cir. 2011) ("[P]roximity that is merely coincidental is not enough for application of § 2K2.1(b)(6) when a defendant merely possessed drugs . . . . To allow otherwise would render the distinction in the Guidelines commentary between drug trafficking and other felonies meaningless.") (internal citations and alterations omitted); *United States v. West*, 643 F.3d 102, 113–14 (3d Cir. 2011) ("[I]n a simple possession case, the sentencing court must make a specific finding that the firearm facilitated or had the potential of facilitating possession of the drugs. With a drug trafficking offense, on the other hand, a court is permitted to presume that a firearm in relatively close proximity to drugs is used 'in connection' with the offense."); *United States v. Jeffries*, 587 F.3d 690, 693 (5th Cir. 2009) ("If the comment had intended to allow a 'mere proximity' argument to suffice for all drug crimes, it would have said so. It did not."); *United States v. Jenkins*, 566 F.3d 160, 163 (4th Cir. 2009) ("This is not to say that drug trafficking offenses and drug possession offenses are treated the same for purposes of Section 2K2.1(b)(6)."); *United States v. Fuentes Torres*, 529 F.3d 825, 827 (8th Cir. 2008) ("[T]he Commission treated drug trafficking offenses and drug possession offenses differently.").

7

This said, the district court did not rest the enhancement on spatial proximity between the gun and the alprazolam tablets alone. It specifically relied on three factors beyond proximity to conclude that the gun facilitated or had the potential to facilitate Gibbs' drug possession. First, Gibbs' gun was modified to hold more ammo, and it was loaded. Second, Gibbs was addicted to alprazolam. And third, the district court concluded that alprazolam tablets have a relatively high street value. We therefore must determine whether these facts adequately supported the enhancement.

In review of this fact-bound inquiry, we can extract several principles from other circuits' opinions. In general, if a gun emboldens or has the potential to embolden the defendant, or if the defendant uses or could use the gun to protect the drugs, the enhancement is more likely to be appropriate.[12] Relevant here, courts will look to the quantity of the drugs and their street value to determine whether possession of a gun was likely to achieve these purposes; for smaller amounts or less valuable drugs, a gun is less likely to be necessary to facilitate possession.[13]

---

[12] *See, e.g.*, *United States v. Jackson*, 877 F.3d 231, 237 (6th Cir. 2017); *Jeffries*, 587 F.3d at 694–95. We have suggested that "mere possession" of a firearm may sometimes be enough to underpin an enhancement, even when the underlying felony is drug possession. *See United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007) (quoting *United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001)). Our holding here is not inconsistent with that suggestion—it is possible, for example, that a court could infer that merely possessing (but not using) a firearm emboldened the defendant to possess the drugs.

[13] *See Shields*, 664 F.3d at 1045–46 (rejecting application of the enhancement where the defendant possessed a small amount of drugs with a low street value, regardless of whether he was an repeat offender); *West*, 643 F.3d at 116 (rejecting enhancement when the defendant only

8

Some will further consider whether the gun and drug possession occurred in public, since there, a weapon could be more useful in emboldening or protecting the defendant.[14] And, as we have explained, physical and temporal proximity—including ease of access to the firearm—may be relevant but will typically not be determinative.[15]

The relationship between Gibbs' gun and the drugs was more akin to "accident or coincidence." The government presented evidence that Gibbs possessed two alprazolam tablets at the time the gun was found, each worth about $20, and a bag with trace amounts of cocaine. While not negligible, a total value of $40 or $50 does not lend itself to a strong inference that Gibbs required the gun to protect his supply. Both the gun and the tablets were located within his home, and there was no evidence that he took them outside separately or together.[16] While the gun was accessible from the hallway, it was not immediately accessible from the kitchen where the drugs were found. Gibbs' addiction does weigh in favor of a connection, since it increases the possibility that he would have chosen to use the

---

possessed a small amount of marijuana); *Jeffries*, 587 F.3d at 693–94 (rejecting enhancement when the defendant was in possession of a "user" quantity of cocaine and there was no further evidence that the gun emboldened him to use the drug or protected the small quantity).

[14] *See United States v. Swanson*, 610 F.3d 1005, 1008 (8th Cir. 2010); *Jenkins*, 566 F.3d 160, 164 (4th Cir. 2009).

[15] *See, e.g.*, *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009) ("While proximity may not be dispositive, it is certainly indicative of a connection between the guns and the drugs.").

[16] As we will explain, the district court did not err in finding no connection between the gun and any out-of-household drug trafficking.

9

gun to protect the alprazolam. In total, though, we conclude that the district court clearly erred in finding that the gun facilitated Gibbs' drug possession. Connecting a Glock handgun modified to hold 31 rounds to two prescription pills found in a different part of the house—not in proximity—is a reach too far.

## B

The government suggests that even if Gibbs' drug possession could not ground the enhancement, we may affirm based on a connection between the gun and drug trafficking—which only requires a showing of "close proximity." The district court rejected this argument at sentencing, and we agree for substantially the same reasons. The government presented evidence that Gibbs had engaged in drug trafficking about two weeks before the gun was found in his attic, but no evidence that he possessed the gun at the time of those sales. At the sentencing hearing, Gibbs said that he had only acquired the firearm the night before the search and it was not related to drug trafficking. And the two drug trafficking transactions the government identified occurred outside Gibbs' home, and there was no evidence that Gibbs had the firearm on him at either time. We cannot conclude that the district court erred—let alone erred clearly—in finding no connection.

* * *

10

Having concluded that the district court erred in imposing the sentencing enhancement, we must address whether this error was harmless, or whether it was reasonably likely to have affected Gibbs' substantial rights.[17] At sentencing, the district court explained its deliberate choice to give a sentence between the non-enhanced and enhanced ranges, and specifically took into account the fact that Gibbs had been "[driven into] that next higher guideline range." And the court did not indicate that it would have given Gibbs the same sentence even if the enhancement were not applicable, certainly not explicitly.[18] The application of the sentencing error was not harmless, and Gibbs is entitled to resentencing.

## V

Because the district court erred in enhancing Gibbs' sentence for use or possession of a firearm in connection with a felony, we vacate the district court's sentencing decision and remand for resentencing without application of the four-level enhancement.

**VACATED AND REMANDED.**

---

[17] *See, e.g.*, *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).

[18] *See, e.g.*, *United States v. Robles*, 408 F.3d 1324, 1327–28 (11th Cir. 2005); *cf. United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (affirming an error as harmless when the district court had explicitly stated "for the record that even if the guideline calculations are wrong, . . . application of the sentencing factors under Section 3553(a) would still compel the [same sentence]").