# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3371

_____

United States of America

*Plaintiff - Appellee*

v.

Dylan Darelle Scott

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 21, 2022
Filed: April 27, 2022
[Unpublished]

_____

Before COLLOTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Dylan Scott appeals after he pleaded guilty to being a felon in possession of a firearm, and the district court[1] sentenced him to a prison term below the advisory

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

guideline range in the United States Sentencing Guidelines, to be followed by three years of supervised release. Scott argues the district court procedurally erred when determining his base offense level under U.S.S.G. § 2K2.1(a)(4)(A), and by applying an enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm or ammunition in connection with another felony offense.

We conclude the district court did not err in determining Scott's base offense level was 20 because he committed the instant offense subsequent to sustaining one felony conviction of a "controlled substance offense." See U.S.S.G. §§ 2K2.1(a)(4)(A), 4B1.2(b). Scott's argument that a state offense should be compared to the Controlled Substances Act is foreclosed by this court's decision in United States v. Henderson, 11 F.4th 713 (8th Cir. 2021). See United States v. Jackson, No. 20-3684, 2022 WL 303231, at *1 (8th Cir. Feb. 2, 2022) (per curiam). His uncontested 2010 felony conviction for possessing marijuana with intent to deliver "under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as [a] controlled substance offense[]" under the Guidelines. See id. at *2.

We also conclude the district court properly applied the section 2K2.1(b)(6)(B) enhancement because Scott possessed the firearm in connection with another felony offense, specifically possession of marijuana, third or subsequent offense, in violation of Iowa Code § 124.401(5). See United States v. Jarvis, 814 F.3d 936, 937 (8th Cir. 2016) (this court reviews district court's factual findings for clear error and its application of Guidelines de novo). The district court did not clearly err in finding the firearm "facilitated, or had the potential of facilitating" his drug possession. See U.S.S.G. § 2K2.1(b)(6)(b) comment. (n.14(A)); see also United States v. Sneed, 742 F.3d 341, 344 (8th Cir. 2014) (when other felony offense is drug possession, the district court must make "in connection with" finding in § 2K1.6(b)(6)(B), applying the "facilitate" standard in note 14(A)); United States v. Swanson, 610 F.3d 1005, 1008 (8th Cir. 2010) (reiterating the district court's finding that a firearm facilitated or had the potential to facilitate drug possession rarely will be clearly erroneous).

Scott, who had a lengthy drug-related criminal history, went into public with a loaded firearm and a more-than-residual amount of marijuana on his person. See Swanson, 610 F.3d at 1007-08 (concluding the facilitate standard "may be met when a defendant concurrently possesses drugs and a firearm while in public," and an "inference that a firearm is for protection of drugs is allowable when the amount of drugs is more than residue"); see also, e.g., United States v. Mitchell, 963 F.3d 729, 731, 732-33 (8th Cir. 2020) (affirming enhancement when defendant publicly carried loaded gun in pocket and backpack with small drug amount, burnt ends of marijuana cigarettes, and paraphernalia). The value of the drugs Scott possessed did not preclude application of the enhancement. See, e.g., United States v. Allbritton, 737 Fed. Appx. 798, 799 (8th Cir. 2018) (per curiam) (concluding the district court did not err in finding firearm facilitated defendant's marijuana possession-for-use despite lack of drug proceeds).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____